UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES C. EVINGER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 2:12-cv-0025-WTL-WGH |
| ) | |
| EMERY WINSLOW SCALE COMPANY ) | |
| d/b/a WINSLOW SCALE CO., ) | |
| ) | |
| Defendant ) | |

***PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S "MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR CAP PLAINTIFF'S DAMAGES PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE"***

Comes now the Plaintiff, James C. Evinger (hereinafter "Evinger"), by counsel, and submits the following as his Brief in Response and Opposition to the May 15, 2012 "Motion to Dismiss Plaintiff's Complaint and/or Cap Damages Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure."

*I.  INTRODUCTION*

The May 15, 2012 Motion to Dismiss filed by the Defendant, Emery Winslow Scale Company d/b/a Winslow Scale Co. (hereinafter "Winslow Scale"), is the product of a defendant without a defense to Evinger's age discrimination making a desperate attempt to escape its liability on a perceived technical ground.  Evinger described his direct evidence of Winslow Scale's age discrimination in his Complaint.

Winslow Scale's motion has no merit.  Its supporting Memorandum (Docket Entry 15) is remarkable for its glaring failure to discuss two very recent and very relevant cases on point -

1

*Rainey v. United Parcel Service, Inc.*, 2012 WL 753680 (7th Cir., March 7, 2012) and *Tucker v. Closure Systems International*, 2011 WL 4479112 (S.D. Ind., Sept. 27, 2011).[1]

Evinger filed his Chapter 13 bankruptcy petition in November 2009 and his Chapter 13 Plan was approved by March 2010. Evinger's cause of action for age discrimination did not accrue until September 2011, when Winslow Scale fired him. Long before his 2011 termination, Evinger was already a "debtor in possession" of his bankruptcy estate. As a debtor in possession, Evinger is the proper party in interest in his age discrimination claim against Winslow Scale. Winslow Scale's FRCP 12(b)(1) motion to dismiss has no factual and no legal basis whatsoever.

Evinger's Chapter 13 bankruptcy action remains open. He can pursue legal claims for the benefit of his bankruptcy estate and its creditors. Whether Evinger can recover monies sufficient to pay all of his creditors and leave enough excess money for Evinger to benefit himself remains to be seen. Winslow Scale also failed to mention the fact that Evinger had proposed and the Bankruptcy Court approved a Chapter 13 Plan whereby Evinger and his wife made plan payments sufficient to cover 100% of their debts owed to unsecured, non-priority creditors. Winslow Scale's discriminatory termination of Evinger's employment has put Evinger in a position where he cannot make his large monthly Chapter 13 Plan payment.

At its core, Winslow Scale's motion to dismiss is a request by Winslow Scale to grant it a windfall - let Winslow Scale escape liability for its clear acts of age discrimination because Evinger has been further impoverished and has been unable to meet his Chapter 13 Plan payments. Such a result is far from equitable. Evinger hopes to fulfill his initial intention to pay

---

[1] The author of Winslow Scale's motion and memorandum, Mr. Pryzbylski, was one of the authors of the similar and unsuccessful motion in *Tucker*.

all of his creditors and emerge from bankruptcy with the ability to support himself and his family. The ADEA lawsuit can help him fulfill that goal, particularly if the Court will grant him available equitable relief such as reinstatement or front pay and benefits.

## II.  RELEVANT FACTS

Evinger and his wife filed a Chapter 13 Bankruptcy petition in the U.S. Bankruptcy Court for the Southern District of Indiana on November 9, 2009.  (Defendant's Exhibit A).  Evinger's Chapter 13 Plan was confirmed by the Bankruptcy Court on March 16, 2010.  (Defendant's Exhibit C, Docket Entry 23).  Evinger's confirmed Chapter 13 Plan provided for full payment of all allowed claims.  (Plaintiff's Exhibit 1 - Evinger Chapter 13 Plan; Plaintiff's Exhibit 2, p. 2 - May 25, 2012 correspondence from Chapter 13 Trustee Donald Decker)

Winslow Scale terminated Evinger's employment on September 13, 2011. (Plaintiff's Complaint, ¶ 3)  Evinger filed his Complaint with this Court on February 6, 2012 (Docket Entry 1) raising his claims under the Age Discrimination in Employment.

Evinger's Chapter 13 Trustee, Mr. Donald Decker, confirmed via correspondence that Evinger had been serving as debtor in possession of his bankruptcy, that Evinger's employment discrimination cause of action arose subsequent to the filing and confirmation of the Chapter 13 case, and that Mr. Decker was now aware of the cause of action and only wished to be kept apprised of the action.  (Plaintiff's Exhibit 2)  Evinger's Chapter 13 bankruptcy action remains pending.  Id.  Evinger filed his amended bankruptcy schedule on May 31, 2012, disclosing this lawsuit as an asset.  (Plaintiff's Exhibit 3)

## III.  LEGAL ARGUMENT

### A.  Defendant's Motion to Dismiss Was Improper and Must Be Denied

3

In the recent *Rainey v. United Parcel Service, Inc.,* 2012 WL 753680, (7th Cir. March 9, 2012), the Seventh Circuit reversed a District Court's order dismissing an employment discrimination plaintiff's claims. That plaintiff, Mr. Rainey, received a discharge in a Chapter 13 bankruptcy action without disclosing his pending employment discrimination claim against UPS. The District Court dismissed Mr. Rainey's claims because Mr. Rainey's Chapter 13 case was closed and Mr. Rainey could no longer litigate as a debtor in possession. The Court did, however, add that Rainey could pursue his discrimination claims if the bankruptcy court allowed him to reopen his bankruptcy case. *Rainey*, 2012 WL 753680 at *1. After the dismissal, Mr. Rainey did gain permission to reopen his Chapter 13 bankruptcy case and amended his schedule to disclose his discrimination claim as an asset. *Id* at *2.

The Seventh Circuit explained its decision to reverse the District Court's order dismissing Mr. Rainey's employment discrimination claim as follows:

> "A Chapter 13 estate encompasses all property, including legal claims, acquired after the petition is filed and before the case is closed. *See* 11 U.S.C. §§ 541(a)(1), 1306(a)(1); *In re Willett,* 544 F.3d 787, 791 n. 3 (7th Cir.2008); *Cable v. Ivy Tech State College,* 200 F.3d 467, 472–73 (7th Cir.1999); *In re Jones,* 657 F.3d 921, 927 (9th Cir.2011); *In re Waldron,* 536 F.3d 1239,1241 (11th Cir.2008). Debtors have a continuing duty to schedule newly acquired assets while the bankruptcy case is open. *In re Waldron,* 536 F.3d at 1244. Although there is a trustee in a Chapter 13 bankruptcy, the trustee acts as an advisor and administrator while the debtor remains in possession of the estate. 11 U.S.C. §§ 1302(a), 1303, 1306(b); *Cable,* 200 F.3d at 472. The debtor thus can pursue legal claims for the benefit of the estate and its creditors. Fed. R. Bankr.P. 6009; *Cable,* 200 F.3d at 472–73; 8 Collier on Bankruptcy ¶ 1303.04. Once the bankruptcy case is closed, however, a debtor no longer can pursue claims on behalf of the estate, and typically will be estopped from pursuing claims for his *own* benefit if those claims were concealed from creditors during the bankruptcy proceedings. *See Cannon–Stokes v. Potter,* 453 F.3d 446, 448 (7th Cir.2006). But as long as the bankruptcy proceedings are ongoing—which is now the situation as to Rainey—a Chapter 13 debtor can inform the trustee of previously undisclosed legal claims, and unless the trustee elects to abandon that property, the debtor may litigate the claims on behalf of the estate and for the benefit of the creditors without court approval. Fed. R. Bankr.P .1009(a), 6009; *see Kane v. Nat'l*

4

>*Union Fire Ins. Co.,* 535 F.3d. 380, 384–85 (5th Cir.2008) (noting that Chapter 7 cases routinely are reopened to permit trustee to administer previously undisclosed assets).
>
>UPS argues that Rainey should nonetheless be barred from pursing his claims because he did not disclose them earlier. Yet as authority for this proposition, UPS cites only decisions where the bankruptcy case remained closed, *Williams v. Hainje,* 375 F. App'x 625, 627 (7th Cir.2010); *Becker v. Verizon North, Inc.,* No. 06–2956, 2007 WL 1224039, at *1 (7th Cir. Apr. 25, 2007), or where the debtor was bringing the claim on his own behalf rather than for the estate, *Calvin v. Potter,* No. 07 C 3056, 2009 WL 2588884, at *3 (N.D.Ill. Aug. 20, 2009), or where the trustee had abandoned the property and so the debtor could bring the claim only for her personal benefit, *Cannon–Stokes,* 453 F.3d at 448. UPS also argues that we should ignore that the bankruptcy case has been reopened because the case was closed at the time the district court entered its order. But we can take judicial notice of proceedings in the bankruptcy court, *see In re Consol. Indus. Corp.,* 397 F.3d 524, 527 (7th Cir.2005), just as UPS asked the district court to take notice of those same proceedings when it moved for dismissal of Rainey's claims. Preventing Rainey from bringing his claims would undermine the interests of his creditors and defeat the district court's intent that Rainey be able to pursue the discrimination claims if he reopened his bankruptcy case."

*Rainey*, 2012 WL 753680 at *2.

Obviously, Evinger's facts compare favorably to Mr. Rainey's facts. Evinger's bankruptcy estate remains open. Evinger is still a debtor in possession. Mr. Decker, the Chapter 13 Trustee, is aware of the employment discrimination claim that was filed in 2012. Evinger has amended his bankruptcy schedule to describe his cause of action against Winslow Scale while his bankruptcy case remains open. Winslow Scale has no ground to seek dismissal.

### B. Evinger is the Only Party With Standing to Pursue This Action

Evinger is the victim of Winslow Scale's acts of age discrimination. He is the proper plaintiff in this action. Evinger's cause of action for age discrimination arose almost two years after Evinger filed his Chapter 13 bankruptcy petition and well over one year after the Court confirmed his Chapter 13 Plan.

5

Evinger is a Chapter 13 debtor in possession and he has standing to pursue his age discrimination claim on behalf of his bankruptcy estate.  *Rainey*, 2012 WL 753680 at *2; *Tucker v. Closure Systems International*, 2011 WL 4479112 at *2; *Cable v. Ivy Tech State College,* 200 F.3d 467, 473-74 (7th Cir. 1999); 11 USC § 1306(b).

Whether Evinger personally benefits from his age discrimination claim or not remains to be seen.  He was paying 100% of his debts owed to unsecured creditors prior to his termination. (Plaintiff's Exhibit 1)  His loss of employment has caused him to seek a significant reduction in his monthly Chapter 13 Plan payment.  Mr. Donald Decker, Evinger's Chapter 13 Trustee, has indicated that he may, in light of the motion to modify, ask Evinger to use some of the proceeds from his age discrimination claim, if successful, to pay creditors.  (Exhibit 2)  It is possible that Evinger may have to pledge his proceeds from the age discrimination claim to bring his Chapter 13 Plan payments back to the originally intended point in which his unsecured creditors were paid in full.  If his damages are great enough to pay his creditors in full with proceeds remaining, it is possible that Evinger may benefit from some of the excess.

### C.  *Winslow Scale Intentionally Cites Cases With Facts Inapposite to Evinger's Facts*

If the Court will please notice, every single case Winslow Scale cites in its subsection entitled "Plaintiff is Foreclosed from Amending His Bankruptcy Petition or Otherwise Individually Pursuing an Action Against Emery Due to His Omission" entails a bankruptcy debtor whose cause of action pre-dated his/her bankruptcy petition. (Winslow Scales Memorandum, pp. 6-7)  Evinger's cause of action, based upon his discriminatory termination, arose almost two years after Evinger's Chapter 13 petition.  Evinger was not dishonest with

6

anyone. He did not turn in any schedules that demanded he list under oath any lawsuits or contingent claims. Those schedules were filed in 2009.

More to the point, Winslow Scale's same argument was just rejected in *Tucker v. Closure Systems International*, 2011 WL 4479112 at *2-3. In that case, the Chapter 13 debtor failed to list her employment discrimination claim - which actually did pre-date her bankruptcy petition - on her bankruptcy schedules of assets, but later amended her schedules to cure the problem.

### ***D. Winslow Scale's Motion to Cap Plaintiff's Damages Based Upon Judicial Estoppel Is Fatally Flawed and Quite Premature***

Judicial estoppel is an equitable doctrine designed to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment. *Tucker v. Closure Systems International*, 2011 WL 4479112 at *3, citing *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). While other courts have held that a debtor who conceals a legal claim and denies owning the asset in bankruptcy is judicially estopped from later pursuing that claim to the debtor's personal benefit, and that judicial estoppel would bar a plaintiff's claim for her failure to disclose her claims during her bankruptcy proceeding, *Tucker v. Closure Systems International*, 2011 WL 4479112 at *3, it is important to remember that:

1. Evinger's Chapter 13 bankruptcy action is still open and he has not obtained a discharge;

2. Evinger's Chapter 13 Plan in place at the moment requires him to pay 100% of his unsecured debts; and

3. Evinger's pending motion to modify his Chapter 13 Plan has not even been heard by the Bankruptcy Court. A hearing is set for June 7, 2012.

      4.      Evinger has filed his amended schedule, disclosing this lawsuit as an asset, while his Chapter 13 bankruptcy action remains open.

Unlike debtors in the cases cited by Winslow Scale, Evinger has not received any unfair benefit or advantage. In fact, if his Chapter 13 Plan is modified and his plan payment lowered, the Chapter 13 Trustee has indicated he may require Evinger to pledge proceeds from his age discrimination lawsuit to then increase again the payments to unsecured claim holders. (Plaintiff's Exhibit 2)

In support of its motion to cap damages, Winslow Scale relies upon *Wiggins v. Citizens Gas & Coke Util.*, 2008 WL 4530679 (S.D. Ind., Oct. 7, 2008) and claims "the facts of this case parallel those of *Wiggins*." (Winslow Scale's Memo., p. 8) The facts in *Wiggins* are nothing like the facts in Mr. Evinger's case. In *Wiggins*, the plaintiff/debtor's employment claim pre-dated his bankruptcy, the plaintiff/debtor failed to list the employment claim on his bankruptcy schedules, the plaintiff/debtor openly lied in response to an interrogatory in the employment case in which he was directly asked if he had filed a personal bankruptcy petition after June 12, 2002, the plaintiff/debtor obtained his discharge in bankruptcy, and the plaintiff/debtor was one week from trial on his employment discrimination claim when the defendant learned of his dishonesty. In contrast, Evinger's age discrimination claim did not exist when he filed his bankruptcy petition, his bankruptcy action remains open, Evinger has not been dishonest with anyone, and Evinger is not seeking to pocket any money at his creditors' expense. Even as horrible as the facts are in *Wiggins*, the Court did not dismiss Wiggins' employment discrimination claim (Wiggins was permitted to reopen his closed bankruptcy action to disclose the concealed

employment claim). The Court in *Wiggins* permitted the bankruptcy trustee to pursue Wiggins' claims for the benefit of the creditors. *Wiggins* at *4.

Again, judicial estoppel is an equitable remedy. It would not be equitable to permit Winslow Scale a windfall - in this case the avoidance of financial responsibility for its acts of age discrimination - for firing Evinger and putting him in a position where he can no longer make his Chapter 13 Plan payments. Evinger was paying his unsecured creditors in full, but his Chapter 13 Plan relied upon his continued receipt of income from his employment with Winslow Scale. Dismissing or limiting the claim against Winslow Scale "would provide a windfall to the wrongdoer and would deprive creditors of a bankruptcy asset." *Autos, Inc. v. Gowin,* 330 B.R. 788, 796 (D.Kan.2005); *Malloy v. Reed* 2006 WL 2320594, **5 - 6 (N.D.Okla.,2006)

Evinger recognizes that he may have to turn over all of his proceeds from his age discrimination claims to pay his unsecured creditors, but Evinger planned to do that in 2009 when he initiated his Chapter 13 bankruptcy action. Evinger would close by stating that the ADEA itself provides significant equitable relief, including reinstatement or front pay. In this case, the Court could protect Evinger's creditors for whom Winslow Scale professes concern by ordering Winslow Scale to reinstate Evinger to his former position of employment, and permitting Evinger to resume application of his wages to Chapter 13 Plan payments.

## IV.  CONCLUSION

Winslow Scale's Motion to Dismiss and its alternative Motion to Cap Damages have no basis in fact or law and are certainly not grounded in equity. Evinger respectfully requests the motions be denied in their entirety.

Respectfully submitted,

          HUNT, HASSLER & LORENZ LLP


          By /s/Robert P. Kondras, Jr.
          Robert P. Kondras, Jr.
          Attorney No. 18038-84
          HUNT, HASSLER & LORENZ LLP
          100 Cherry Street
          Terre Haute, IN 47807
          Phone:  (812) 232-9691
          Fax: (812) 234-2881
          kondras@huntlawfirm.net


### *CERTIFICATE OF SERVICE*

   I certify that on May 31, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Terry W. Dawson
David J. Pryzbylski
**BARNES & THORNBURG LLP**
11 S. Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
terry.dawson@btlaw.com
david.pryzbylski@btlaw.com

          HUNT, HASSLER & LORENZ LLP


          By   /s/Robert P. Kondras, Jr.
          Robert Kondras, Jr.
          Attorney No.18038-84
          100 Cherry Street
          Terre Haute, IN 47807
          (812) 232-9691
          Fax: (812) 234-2881
          kondras@huntlawfirm.net